FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.
★ OCT 27 2010
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

DANIEL MUESES,

        Plaintiff,

-against-

DUKE TERRELL,

        Defendant.
----------------------------------------------------------x

**Memorandum and Order**

10-CV-1701 (SLT)

TOWNES, United States District Judge:

    Daniel Mueses ("Petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons (the "BOP") improperly applied 18 U.S.C. § 3624(c) (the "Second Chance Act") in determining his eligibility for placement in a Residential Re-entry Center ("RRC"), or a halfway house, specifically by improperly evaluating his case according to BOP policy. Petitioner brings this action against Duke Terrell, the Warden of the Metropolitan Detention Center in Brooklyn, New York ("Respondent"), where Petitioner is incarcerated. Petitioner seeks an order from this Court directing the BOP to reconsider him for an immediate RRC placement for a term of one year pursuant to the Second Chance Act. Respondent asserts Petitioner's claim is procedurally barred because he failed to exhaust the administrative remedies available to him, and, even if he had availed himself of the aforementioned remedies, his claim is meritless. For the reasons that follow, the Court denies Petitioner's petition.

1

*Background*

Petitioner was sentenced on February 25, 2009 in the District Court for the Eastern District of Massachusetts to serve twenty-four months imprisonment for his involvement in a conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. Petitioner commenced serving his sentence on June 1, 2009, and his projected release date to an RRC is November 23, 2010.

On October 13, 2009, Petitioner met with a member of his Unit Team, the division of the BOP responsible for making RRC placement recommendations for prisoners at the MDC, for an initial classification. *See* Petitioner's Petition for Writ of Habeas Corpus ("Pet'r Br.") at 2. Petitioner requested a one-year RRC placement. On October 21, 2009, Petitioner's Unit Team completed its RRC Consideration Form ("RRC Form"). The RRC Form indicated the following factors were considered in formulating Petitioner's RRC placement: 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) any statement of the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and 5) any pertinent policy statement issued by the U.S. Sentencing Commission. [Docket No. 8-1 at 1]. The RRC Form also indicates that the Unit Team considered the inmate's need for services, financial resources, and public safety. [Docket No. 8-1 at 2]. The RRC Form recommends sixty-three to ninety-two days of RRC placement. [Docket No. 8-1 at 1].

On November 14, 2009, Petitioner filed a formal complaint with Respondent, requesting a transfer to a RRC. *See* Respondent's Response in Opposition to Petitioner's Application for Writ of Habeas Corpus ("Opposition") at 3. The complaint was rejected, and Petitioner resubmitted his request to Respondent on November 24, 2009. *See* Opposition at 3.

When his complaint was rejected again, on December 10, 2009, Petitioner filed a request

2

with the Regional Director, the next level of administrative review available to him. *See* Opposition at 3. The Regional Director responded by stating that Petitioner would be placed in an RRC for the final sixty-three to ninety-two days of his sentence. Petitioner's Affidavit ("Pet'r Aff."), Ex. A. Petitioner then took the final step of his administrative remedy by filing his complaint with the Office of General Counsel in Washington, DC on January 25, 2010. Pet'r Aff., Ex. A. The Office of General Counsel asked Mueses to re-file his request to transfer with additional information. Petitioner did not re-file his request. *See* Declaration of Harrell Watts at ¶¶ 4-5 and n. 1 and 2 (explaining Docket No. 8-2 at 3). On April 13, 2010, Petitioner filed the instant habeas corpus petition.

1. **Petitioner's Failure to Exhaust Available Administrative Remedies**

The Second Circuit has established that a prerequisite to federal habeas relief pursuant to § 2241 is the exhaustion of administrative remedies. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). However, the requirement of exhaustion regarding § 2241 is "prudential, not statutory." *Pimentel v. Gonzales*, 367 F.Supp. 2d 365, 371 (E.D.N.Y. 2005). The exhaustion requirement "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, develop[s] the factual record to make judicial review more efficient, and resolv[es] issues to render judicial review unnecessary." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d. Cir. 2003). Failure to exhaust administrative remedies results in a procedural default, which bars judicial review unless the petitioner persuades the court that the failure to exhaust should be excused. *See Carmona*, 243 F.3d at 634. "Exhaustion of administrative remedies may not be required when '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" *Beharry*, 329 F.3d at 62 (quoting *Able v. United States*, 88

F.3d 1280, 1288 (2d. Cir. 1996)).

Federal inmates who seek to challenge the conditions of their confinement must first utilize the Administrative Remedy Program ("the Program") developed by the BOP. *See Lopez v. Terrell*, 697 F. Supp. 2d 549, 555-556 (S.D.N.Y. 2010); *see also* 28 C.F.R. §§ 542.10-19. Inmates must exhaust each of four steps in the Program: (1) attempting to resolve the issue informally, *see* 28 C.F.R. § 542.13; (2) submitting a formal written Administrative Remedy Request to the institution at which the inmate is housed within twenty days of the date on which the basis for the complaint occurred, *see id.* § 542.14; (3) appealing an unfavorable decision at the institutional level to the Regional Director of the BOP within twenty calendar days of the date the warden signed the response, *see id.* § 542.15; (3) appealing an unfavorable decision at the regional level to the BOP's General Counsel within thirty calendar days of the date the Regional Director signed the response. *See id.*

Respondent argues that Petitioner did not exhaust the remedies available in the Program and therefore, his claim must be dismissed. Petitioner asserts that utilization of the Program would be futile because "Respondent has already predetermined the issue." Pet'r. Br. at 3. A court can excuse a failure to exhaust administrative remedies "when such exhaustion would be futile or where the agency has predetermined the issue before it." *Garcia v. Shanahan*, 615 F.Supp.2d 175, 180 (S.D.N.Y. 2009). Petitioner cites two memoranda addressed to BOP officials relating to inmate requests for transfers to RRC's dated April 14, 2008 ("April 14 Memorandum") and November 14, 2008 ("Nov. 14 Memorandum").[1] Specifically, Petitioner cites language in the BOP Memoranda that requires written approval from the Regional Director

---

[1] Petitioner merely references these memoranda, but does not include them for the Court's review. However, the Court notes that this Court has recently examined such memoranda, dated April 22, 2009 (April 22 Memorandum) and November 14, 2008, while addressing substantially the same issue. *Daidaille v. Terrell*, 2010 WL 1930267 at *3 n.2 (E.D.N.Y. 2010).

4

if staff determines an inmate should be placed in an RRC for more than six months. Pet'r. Br. at 7. Petitioner argues that the BOP Memoranda demonstrate that the BOP has ignored the Second Chance Act and treats six months before release as the effective maximum for transfer to a RRC.

The April 22 Memorandum provides that the "pre-release RRC placement [timeframe] is increased to [a maximum of] 12 months (from 6 months) and there is no longer a limit based on the percentage of term to be served." *See Daidaille* at *3 citing April 22 Memorandum. While the April 22 Memorandum also provides that BOP "experience reflects inmates pre-release RRC needs can usually be accommodated by a placement of six months or less," nothing in the April 22 Memorandum restricts pre-release RRC placements to a maximum of six months. *Id.* Indeed, Petitioner fails to identify any official BOP policy that contradicts the BOP Memoranda or categorically precludes the relief petitioner seeks. Thus, the BOP Memoranda do not create an inflexible policy that has predetermined the issue, and Petitioner's exhaustion of administrative remedies is not futile.

## II. The BOP's Consideration of Petitioner's RRC Placement Pursuant to the Second Chance Act

The Second Chance Act, 18 U.S.C. § 3624(c) governs RRC assignments. It provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The Act mandates that the pre-release placement be "determined on an individual basis" and be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(B) and (C). The BOP has discretionary authority in directing the place of imprisonment as well as the transfer of federal

5

prisoners to RRCs. 18 U.S.C. § 3621(b); *see Levine v. Apker*, 455 F.3d 71, 80 (2d. Cir. 2006) ("Congress's use of the language 'may designate' in [18 U.S.C. §. 3621(b)] seemingly endows the BOP with 'broad discretion.'"). When determining the place of imprisonment or transfers, the BOP must consider:

> 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) any statement of the court that imposed the sentence– (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted or (b) recommending a type of penal or correctional facility as appropriate; and 5) any pertinent policy statement issued by the U.S. Sentencing Commission pursuant to § 994(a)(2) of Title 28.

18 U.S.C. § 3624(c)(6); 18 U.S.C. § 3621(b).

"[T]he statute indicates that the BOP may place a prisoner where it wishes, so long as it considers th factors enumerated in § 3621." *Levine*, 455 F.3d at 82 (quoting *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 245 (3d Cir. 2005)). "Furthermore, the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors." *Daraio v. Lappin*, 2009 WL 303995 at *6 (D. Conn. Feb. 9, 2009) (citing 18 U.S.C. § 3624(c)(1)). Therefore, in order for a court to order the BOP to reconsider its placement recommendation, the court must find that the BOP has abused its discretion by failing to consider statutory factors. *See Fournier v. Zickefoose*, 620 F.Supp.2d 313, 318 (D. Conn. 2009) ("[O]nce the Court has determined that the BOP did not exceed its authority in reaching its decision, it is beyond the purview of the court to second guess the outcome.")

The Court finds that the BOP was within its authority to grant Petitioner sixty-three to ninety-two days of RRC placement. The RRC Form indicated that the BOP considered the statutorily mandated factors in considering the length of Petitioner's RRC placement. Petitioner's recitation of factual circumstances which support a longer RRC placement are

irrelevant, as he fails to demonstrate that his Unit Team failed to provide an individualized RRC placement decision. As the Unit Team's recommendation considered the mandated statutory factors listed in 18 U.S.C. § 3621(b), the Court may not disturb the recommendation, especially in light of the broad discretion the BOP was given by Congress. *See Levine*, 455 F.3d at 83 ("The BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility."); *see also Daraio*, 2009 WL 303995 (denying habeas relief where the BOP made a RRC determination upon statutory factors listed in 18 U.S.C. § 3621(b) despite petitioner's request for a longer RRC placement based on her child's anticipated housing needs).

The Court rejects Petitioner's argument that he was not afforded an individualized assessment because the BOP has adopted a policy that places "an arbitrary limit on the ability of Respondent to give [Petitioner] a placement of longer than three (3) months." Pet. Br. at 11. The BOP Memoranda referenced by Plaintiff do not prove that the BOP considers inappropriate or improper factors in determining a prisoner's RRC placement. Further, "[a]lthough the BOP must consider all five statutory factors in its placement determination, the list is non-exclusive." *Daraio*, 200 WL 303995 at *5. The Courts should not second guess BOP determinations regarding individualized placements or substitute their judgement for that of the BOP. *Lopez v. Apker*, 2005 WL 2207062 at *5 (S.D.N.Y. 2005). Thus, the Court finds that Respondent did not abuse its discretion in recommending Petitioner for an RRC placement of sixty-three to ninety-two days. *See Wright v. Lindsay*, 2010 WL 625360 at *6 (E.D.N.Y. Feb. 18, 2010) (rejecting "[petitioner's] argument that the MDC maintains a 'practice of categorically rejecting any inmate from receiving 'good faith' consideration' for more than a six month RRC placement[.]"); *Snyder v. Angelini*, 2008 WL 4773142 at *3 (E.D.N.Y. 2008) (upholding petitioner's RRC placement recommendation, despite the BOP's policy of requiring an "extraordinary

justification" for a RRC placement longer than six months).

***Conclusion***

The application for a writ of habeas corpus is denied, and the petition is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.

**SO ORDERED.**

SANDRA L. TOWNES

United States District Judge

Dated: Brooklyn, New York

October 26, 2010